UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANG BARNES                              CIVIL ACTION

VERSUS                                    NO: 12-2751

ENERGY RESOURCE TECHNOLOGY GOM, INC.      SECTION: R

## ORDER AND REASONS

Defendant moves for summary judgment on plaintiff's negligence claims. Because the Court finds that genuine disputed issues of material fact remain in this case, the Court DENIES defendant's motion.

## I.   BACKGROUND

This lawsuit arises out of injuries allegedly suffered by plaintiff Shang Barnes on July 23, 2012, while he was performing sandblasting work on a platform owned by defendant Energy Resource Technology GOM, Inc.[1] At the time of the incident, plaintiff was employed by Danos & Curole Marine Contractors, which the parties agree was an independent contractor of ERT.

Plaintiff alleges that ERT's platform had uneven or loose grating that shifted under plaintiff's feet, causing him to fall backward.[2] In his deposition, plaintiff elaborated on the circumstances surrounding the accident. He explained that he

---

[1]    R. Doc. 1 at 2.

[2]    *Id.*

placed a ladder on top of the grating in order to assist a coworker in getting down from a high position.[3] According to plaintiff, the grating was in "good shape" as far as he could tell at the time,[4] and did not wobble while plaintiff was positioning the ladder.[5] Plaintiff set up the ladder, "shook" it to make sure it was stable,[6] and then put his weight on the bottom step.[7] He then "felt a shift in the grating and . . . fell."[8] Plaintiff allegedly suffered serious injuries to his lower back and neck as a result of the accident.[9]

Plaintiff asserts that ERT was negligent and that the condition of the platform was unsafe, and thus that ERT is liable for his injuries.[10] ERT has moved for summary judgment on two grounds. First, it contends that it cannot be held liable for plaintiff's injuries because plaintiff's employer, Danos, was an

---

[3]     R. Doc. 23-2 at 3-4, 7.

[4]     *Id.* at 4; *see also id.* at 17 ("Q: And as far as you knew the platform was in good shape. Correct? A: To my recollection. Q: Okay. You're not aware of any hazards that were associated with the platform? A: No sir, I'm not.").

[5]     *Id.* at 35-36.

[6]     *Id.* at 27.

[7]     *Id.* at 6.

[8]     *Id.*

[9]     R. Doc. 1 at 3.

[10]     *Id.* at 2.

independent contractor of ERT. Second, ERT argues that any danger presented by the grating was open and obvious and hence that ERT had no duty to warn him about or otherwise protect him from the danger. In deciding this motion, the Court limits its analysis to these two issues.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the movant must present

3

evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the movant may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 324; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.  DISCUSSION

### A.    Choice of Law

The Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, *et seq.*, applies to this dispute because plaintiff was injured on a fixed platform located on the Outer Continental Shelf, off the Louisiana coast.[11] The OCSLA directs the Court to apply the law of the state adjacent to the controversy to the extent that it is not inconsistent with other federal laws and regulations. *See* 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355 (1969). The parties have not cited, and the Court has not found, any federal law that conflicts with the Louisiana negligence and custodial liability principles that apply here. Accordingly, the Court applies Louisiana law to this dispute.

### B.    Defendant's Arguments for Summary Judgment

#### 1.    *Independent Contractor*

ERT contends that it cannot be held liable for plaintiff's injuries because plaintiff's employer, Danos, was working as an independent contractor for ERT. It is true that, under Louisiana law, a principal generally is not liable for any negligent acts committed by the principal's independent contractor in the course of performing its contractual duties. *See, e.g., Coulter v.*

---

[11]    *See* R. Doc. 1 at 2.

*Texaco*, 117 F.3d 909, 911-12 (5th Cir. 1997). Plaintiff does not dispute this proposition and indeed disclaims any intent to hold defendant liable for the negligence of Danos. Instead, plaintiff asserts that ERT is liable "for its own negligence and premises liability."[12] Thus, defendant's first argument, while correct as far as it goes, does not resolve this dispute. The Court must still consider whether ERT itself was negligent. *See Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994) ("[E]ven though the general rule shields a principal from the acts of its independent contractor . . ., the principal remains liable for its own acts of negligence.").

    2.   *"Open and Obvious"*

Plaintiff's complaint does not refer to any specific theory of negligence or section of the Louisiana Civil Code. Plaintiff's opposition to defendant's motion for summary judgment makes clear, however, that his claim rests on a theory of custodial or premises liability.[13]

Article 2317.1 of the Louisiana Civil Code describes the standard for custodial liability. It provides in relevant part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which

---

[12]    R. Doc. 23 at 3.

[13]    *See id.*

> caused the damage, that the damage could have been
> prevented by the exercise of reasonable care, and that he
> failed to exercise such reasonable care.

La. Civ. Code art. 2317.1.

In the past, custodians were strictly liable under Louisiana law for injuries caused by things in their custody. In 1996, however, the state legislature amended the Civil Code to impose a negligence standard. *Coulter*, 117 F.3d at 913 & n.8. Today, in order to prevail on a custodial liability claim, a plaintiff must demonstrate "that (1) the object was in the defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect." *Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627-28 (5th Cir. 2005) (citing La. Civ. Code. arts. 2317, 2317.1).

In determining whether a defect presents an unreasonable risk of harm, courts should inquire whether the defect is "open and obvious to all who encounter it." *Broussard v. State ex rel. Office of State Blgs.*, 113 So.3d 175, 183-85 (La. 2013). If the defect is open and obvious, it is unlikely to be deemed unreasonably dangerous, because "the probability of injury is low and the thing's utility may outweigh the risks caused by its defective condition." *Id.* at 184. The question of whether a given hazard is "open and obvious" is generally one for the trier of

7

fact. *Id.* at 184-85.

ERT argues that the risk facing plaintiff was open and obvious because plaintiff had signed a "Job Safety Analysis Review Form" explaining workplace safety[14] and had attended a safety meeting at which topics such as "working safe," "keeping mind on job," and "slip, trip, and falls" were discussed.[15] ERT also contends that plaintiff knew that setting up a ladder on the grating of an offshore platform was dangerous.[16]

The Court does not find ERT's arguments persuasive. Assuming that there was a defect in the grating that made it unstable, a reasonable jury could find that the defect was not open and obvious to plaintiff. Barnes testified in his deposition that the grating was in "good shape as far as [he] could tell,"[17] and that the areas of the grating he stood on did not shift.[18] Barnes "shook" the ladder "[t]o make sure it was stable" before he mounted it.[19] According to Barnes, he had no indication that the grating was unstable until he put his weight on the ladder, heard

---

[14]    R. Doc. 13-10.

[15]    R. Doc. 13-9.

[16]    R. Doc. 13-1 at 15-16.

[17]    R. Doc. 23-2 at 4; *see also id.* at 17 ("Q: Okay. You're not aware of any hazards that were associated with the platform? A: No, sir, I'm not."); *id.* at 21-22.

[18]    *Id.* at 23-24, 35-36.

[19]    *Id.* at 27.

the grating "pop[]"[20] and felt it shift, and fell.[21] Thus, based on Barnes' testimony, the alleged defect in the grating was not only not obvious, it was hidden -- or at least a reasonable juror could so conclude. *See Moore v. AEP Memco LLC*, No. 07-1353, 2008 WL 3187972, at *3 (E.D. La. Aug. 5, 2008) (finding that issues of material fact existed regarding whether risk posed by defective steel covers was open and obvious because there was testimony in the record suggesting that "it was impossible to tell initially that the covers were defective"); *cf. Warren v. Kenny*, 64 So.23d 841, 849 (La. Ct. App. 2011) (holding that danger posed by a ladder leading up to a second-floor balcony was not open and obvious because the plaintiff was not "on notice" that the balcony railing was poorly secured and could come loose if plaintiff tried to climb over or under it). True, plaintiff had participated in general safety training, and he knew that he should be careful when climbing a ladder, but there is no evidence that his training taught him that this specific area of grating was unstable or otherwise defective. Further, the photographs that defendant submitted with its reply brief do not compel a different result. The Court could disregard them entirely, since they were clearly available two months earlier when defendant filed its initial motion and are mentioned for the

---

[20]   *Id.* at 37.

[21]   *Id.* at 6.

9

first time in defendant's reply. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."); *Cooper v. Faith Shipping*, No. 06-892, 2008 WL 2082890, at *4 (E.D. La. Nov. 25, 2008) (same). Regardless, that defendant has countervailing evidence does not eliminate the factual dispute raised by plaintiff's testimony.

In sum, the Court finds that genuine issues of material fact exist regarding whether the alleged defect in the grating was open and obvious. The Court therefore denies defendant's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for summary judgment.

New Orleans, Louisiana, this ___30th___ day of December, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

10